IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Timothy Hall, | Case No.: 8:25-cv-03965-JD-WSB |
| Petitioner, | |
| vs. | |
| | **ORDER AND OPINION** |
| Warden Joseph, | |
| Respondent. | |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge William S. Brown (DE 10), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report concerns the Magistrate Judge's prescreening of Petitioner Timothy Hall's ("Petitioner") petition under 28 U.S.C. § 2241, petitioning the Court for a writ of habeas corpus.[1] (DE 1.)

A.   **Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Petitioner, a federal inmate in the custody of the Bureau of Prisons ("BOP"), initiated this action pursuant to 28 U.S.C. § 2241 seeking habeas relief related to the execution of his sentence. Specifically, Petitioner seeks to compel the BOP to apply

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

time credits allegedly earned under the First Step Act ("FSA"). (DE 1; DE 1-2.) Petitioner represents that he was sentenced in the United States District Court for the Southern District of Florida and contends that the BOP has failed to apply FSA credits to reduce the length of his confinement. (DE 1 at 1–2.)

In his Petition, Petitioner asserts a single ground for relief, styled as a claim under the First Step Act. Construed liberally, Petitioner alleges that the FSA is applicable to all inmates and that administrative responses from the BOP have improperly impeded his receipt of FSA credits, including through rejection of administrative remedy submissions. (DE 1 at 6.) As relief, Petitioner requests an order directing the BOP to apply his First Step Act credits immediately. (*Id.* at 7.) Petitioner commenced this action using the Court's standard § 2241 form. (DE 1.) Upon initial review, the Magistrate Judge determined that the Petition was subject to summary dismissal and, by Order dated May 19, 2025, afforded Petitioner an opportunity to amend to cure identified deficiencies. (DE 6.) That Order expressly advised Petitioner that failure to file a timely amended petition would result in a recommendation of dismissal without further leave to amend. (*Id.* at 7.)

Despite this clear warning, Petitioner did not file an amended petition, did not otherwise respond to the Court's Order, and allowed the deadline to expire. The Magistrate Judge thereafter issued the Report recommending dismissal without prejudice for failure to prosecute and, independently, for failure to state a claim upon which relief may be granted. (DE 10.)

**B.     Report and Recommendation**

On June 17, 2025, the Magistrate Judge issued a Report and Recommendation recommending that the Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return. (DE 10.) The Magistrate Judge concluded that dismissal was warranted on two independent grounds.

First, the Magistrate Judge found that the action was subject to dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The Report noted that Petitioner failed to comply with the Court's May 19, 2025, Order directing him to file an amended petition to cure identified deficiencies, despite being expressly warned that failure to do so would result in a recommendation of dismissal. Petitioner neither amended his Petition nor otherwise responded within the time permitted.

Second, the Magistrate Judge concluded that, even if the action were not dismissed for failure to prosecute, the Petition failed to state a claim upon which relief could be granted. The Report explained that Petitioner did not allege facts demonstrating that he earned First Step Act time credits, the Bureau of Prisons improperly denied or miscalculated such credits, or he otherwise suffered a concrete and redressable injury under the First Step Act. Instead, the Petition merely invoked the statute in general terms and requested relief without factual support. The Magistrate Judge further determined that, to the extent Petitioner sought an advisory opinion regarding the applicability of the First Step Act, such relief was

3

beyond the Court's jurisdiction because Petitioner failed to establish a ripe case or controversy or Article III standing.

Accordingly, the Magistrate Judge recommended that the Petition be dismissed without prejudice pursuant to Rule 41(b) and, alternatively, for failure to state a cognizable claim for habeas relief under 28 U.S.C. § 2241.

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D.   Petitioner's Objections

After issuance of the Report, Petitioner filed a handwritten objection. (DE 20.) Liberally construed, the objection does not specifically address the Magistrate Judge's findings regarding Petitioner's failure to prosecute or the deficiencies identified in the

4

Petition. Instead, Petitioner raises a series of new allegations concerning his medical conditions, the adequacy of medical treatment provided by the Bureau of Prisons, his age, disciplinary history, and perceived defects in his underlying conviction and sentence. Petitioner further asserts, in conclusory fashion, that he has completed multiple programs, earned substantial First Step Act credits, and would be immediately eligible for release if such credits were applied. (*Id.*)

These assertions do not constitute specific objections to the Report within the meaning of 28 U.S.C. § 636(b)(1). Allegations concerning medical care and conditions of confinement are not properly raised in a § 2241 habeas petition and, in any event, were not presented to the Magistrate Judge for consideration. Likewise, challenges to the validity of Petitioner's conviction or sentence must be pursued, if at all, through a motion under 28 U.S.C. § 2255 filed in the sentencing court and are beyond the scope of this proceeding.

Despite these deficiencies, to the extent Petitioner now claims that he earned First Step Act credits and was improperly denied their application, those assertions are raised for the first time in his objection and are unsupported by factual detail. Arguments and allegations not presented in the original petition or in a timely amended pleading are not properly before the Court when raised for the first time in objections to a report and recommendation. Moreover, Petitioner's objection does not address his failure to comply with the Court's May 19, 2025, Order or otherwise cure the pleading deficiencies identified by the Magistrate Judge.

Accordingly, the Court overrules Petitioner's objection because the objection provides no basis to reject or modify the Magistrate Judge's recommendation.

**E.     Conclusion**

Accordingly, after a careful and thorough review of the Report and Recommendation and the entire record in this matter, the Court adopts the Report (DE 10) in its entirety and incorporates it herein by reference.

It is, therefore, **ORDERED** that the Petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED WITHOUT PREJUDICE and without requiring the Respondent to file an answer or return.

Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 14, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within sixty (60) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.